470 A.2d 388

Arnold BERLIN

v.

James V. ALUISI et al.

No. 1230, Sept. Term, 1983.

Court of Special Appeals of Maryland.

Feb. 2, 1984.

Thomas B. Yewell, Greenbelt, with whom was Robert E. Ammons, P.A., Greenbelt, on the brief, for appellant.

Donald R. Stutman, Asst. Atty. Gen., with whom were Stephen H. Sachs, Atty. Gen., and Emory A. Plitt, Jr., Asst. Atty. Gen., on the brief, for appellees.

Argued before GARRITY, ADKINS and BLOOM, JJ.

BLOOM, Judge.

The central issue before us concerns a tenant's right, pursuant to Md.Real Prop.Code Ann. § 8–401(e), to redeem his leasehold estate at any time before actual execution of an eviction order.

On November 12, 1981, appellant, Arnold Berlin, trading as Village in the Woods Apartments, filed a summary ejectment complaint in the District Court for Prince George's County alleging that a tenant named Joyce Pauley, who was

living at an apartment in Landover, Maryland, owned by appellant, had failed to pay her rent. Trial on that complaint was held on December 3, 1981; and a judgment was entered in favor of the landlord for $375.00, the amount of rent determined to be owed for November 1981, and for restitution of the premises. Thereafter, the tenant paid $154.00 to appellant leaving a balance due for the November rent in the amount of $221.00. Appellant then filed a petition for a warrant of restitution, reciting the judgment and the partial payment. The district court issued the warrant, which was in the following language:

To Sheriff of this County/Constable of this Court, Greetings:

Whereas at the trial of this case, the Court determined the amount of rent due to be $375.00 and judgment was rendered in favor of the plaintiff for possession of the premises as shown above.

Now, therefore, you are commanded forthwith to deliver to the said plaintiff possession of the said property

[X] Unless tenant tenders to the landlord or his agent, cash, certified check or money order in the amount of $221.00 plus $_____ costs.

   &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

The warrant, which could be executed either by the Sheriff of Prince George's County or the constable of the District Court, was sent by the court to the sheriff.

On December 29, 1981, Lawrence T. Gabourel, a deputy of Prince George's County Sheriff James V. Aluisi, appeared at the apartment of Joyce Pauley in Landover for the purpose of executing the warrant of restitution by evicting the tenant. At that time Joyce Pauley tendered to the landlord the sum of $224.00 representing the balance due for the rent for the month of November plus $3.00 court costs. Appellant demanded that the tenant pay all of the rent then due, including the December rent of $375.00, a $5.00 late charge for the month of November, and a $5.00 late charge for the month of December for a total of $385.00 in addition to the

tendered $224.00. When the tenant refused to pay the additional amounts that appellant claimed were due as of that date, appellant requested that Deputy Gabourel carry out the eviction. Acting in accordance with the standard procedures adopted by the sheriff in cases under Md.Real Prop.Code Ann. § 8–401(e), the deputy refused to carry out the eviction and permitted the tenant to remain on the premises.

Appellant then filed in the Circuit Court for Prince George's County a petition for a writ of mandamus, injunction, declaratory judgment, damages, and action on the sheriff's bond against appellees James V. Aluisi, Sheriff of Prince George's County; Lawrence T. Gabourel, his deputy; and Fidelity Deposit Company of Maryland (later Fidelity and Deposit Company of Maryland), the sheriff's bonding company.

The matter was presented on an agreed statement of facts; and, after a brief hearing, all of appellant's requests for relief were denied by the court.

An appeal to this court followed. In a per curiam opinion filed January 20, 1983, we dismissed the appeal without deciding any of the issues because a final judgment or order had never been entered in the case below. In our opinion we suggested that the expedited appeal process of Rule 1029 would be appropriate after the tenant whose eviction had been sought had been made a party to the action and, of course, after entry of a final judgment.

Appellee Joyce Pauley, the tenant, was then joined as a defendant; and on July 29, 1983, the circuit court (Mason, J.) entered the following order:

ORDERED,

1. That defendants James V. Aluisi, Sheriff of Prince George's County, Deputy Lawrence T. Gabourel, Fidelity Deposit Company of Maryland, and Fidelity and Deposit Company of Maryland not be held liable in this case as they acted in good faith and in accordance with their legislative duties when they refused to execute an eviction

order when the tenant, defendant Joyce Pauley, tendered an amount of past rent determined by the Court to be due.

2. That the language of Maryland Real Property Article 8–401(c)(5) affords a tenant a right of redemption from a landlord's judgment for possession if the tenant tenders rent determined by the Court to be due. In the instant case that amount, determined by the District Court, was $221.00 plus $3.00 court costs; the tenant tendered said amount and the sheriff was thus restrained from carrying out any further eviction order.

3. That a landlord does have a right to repossession of his property when the Court has determined a precise amount of rent is in arrears. When said amount is tendered by the tenant, the landlord no longer has a right to repossession of the premises.

4. This Court hereby declares and issues as a declaratory judgment the following interpretation of Maryland Real Property Article 8–401(e). The Sheriff of Prince George's County, his deputies and his agents have a duty to carry out an eviction order when a landlord is awarded judgment giving him restitution of the leased premises. The tenant has a right, however, to redemption of the property if the tenant tenders in cash, certified check or money order to the landlord, or his agents all past due rent and late fees at any time before actual execution of the eviction order. The term all past due rent and late fees shall be interpreted to mean all rent and fees as determined by the Court at the time the Warrant for Restitution is issued, not all rent due at the time of tender, at the time of the execution of the eviction order or any other time. The sheriff, his deputies and his agents do not have the authority to collect any more monies from the tenant that [sic] the amount determined by the court to be due.

5. That the plaintiff's prayers for Writ of Mandamus, Injunctive Relief, Declaratory Judgment, Damages and Action of the Sheriff's Bond be denied.

■ This appeal is from that order. Appellant contends that:

A Sheriff has a duty to:

"Cause the landlord to have *again and* repossess by putting him (or his duly qualified agent or attorney for his benefit) in possession thereof and for that purpose to remove from the property, by force if necessary, all furniture, implements, tools, goods, effects or other chattels of every description whatsoever belonging to the tenant, or to any person claiming or holding by or under said tenant." *Real Property,* 8–401(d)

unless the tenant tenders:

". . . in cash, certified check or money order to the landlord or his agent all past due rent and late fees, plus all Court awarded costs and fees, at any time before actual execution of the eviction order." *Real Property,* 8–401(e).

That contention is based upon a misinterpretation of § 8–401(d). The statute does not speak in terms of the duties of the sheriff or constable; it is a directive to the District Court as the commencement of subsection (d) clearly indicates:

If judgment is given in favor of the landlord, and the tenant fails to comply with the requirements of the order within two days, *the court shall,* at any time after the expiration of two days, *issue its warrant,* directed to any official of the county entitled to serve process, *ordering him to cause* the landlord to have again and repossess. . . . (emphasis added)

The duty of the sheriff, therefore, is to execute the warrant, not to interpret the statute. In this case, the warrant explicitly instructed the sheriff "forthwith to deliver to the said plaintiff possession of the said property unless tenant tenders to the landlord or his agent . . . $221.00 plus . . . costs." The sheriff's authority and duty derived from and were measured by the precise language of that warrant. Over 150 years ago, the Court of Appeals said, with reference to a writ of *fieri facias:*

The mandate goes to the sheriff to seize and sell the lands, and if it be regular in its inception, he derives his authority from the writ, and is bound to execute it.

*Hanson v. Barnes*, 3 G. & J. 359, 366 (1831). The same principle would apply to a warrant of restitution—the sheriff is obliged to obey the mandate of the process. *See* Md.Cts. & Jud.Proc.Code Ann. § 2–301(a).

Since appellant's claims for mandamus and injunctive relief as well as his claims for damages against the sheriff, his deputy and his surety were all based upon the duty of the sheriff in executing the particular warrant of restitution, the court's dismissal of those claims was clearly correct. The sheriff, through his deputy, properly performed his duty according to the mandate of the process he was directed to serve. The declaratory judgment aspect of the case, however, presents a somewhat different problem, since it goes beyond the duty of a particular officer in executing a given warrant of restitution containing a specific directive. This declaratory judgment purports to define the respective rights and obligations of landlords and tenants, generally, under § 8–401(e).

In Maryland, prior to 1937, a landlord had no legal right to evict a tenant for nonpayment of rent. If a lease contained a provision for termination of the tenancy upon default of the tenant, the landlord could give the tenant due notice to quit the premises and thereafter take action to eject him as unlawfully holding over at the expiration of the tenancy. Otherwise, the landlord was left to the remedy of distress for rent.

Chapter 529 of the Laws of 1937, adding §§ 27 through 33 to Article 53 of the Annotated Code of Maryland, created the remedy of eviction of a tenant for nonpayment of rent as well as a summary procedure for enforcing that remedy. Those provisions, as amended from time to time, are now contained in Md.Real Prop.Ann.Code § 8–401. After the filing of a complaint in the District Court and issuance of a summons, a trial is held (normally on the fifth day after the

complaint is filed, but there are provisions for adjournments); and if the court finds that rent is actually due and unpaid, the amount thereof is determined and the landlord is given a judgment for possession of the premises. If service of process was adequate to support a judgment *in personam,* the court may also give judgment for the rent found to be due, plus costs. The tenant is ordered to yield and render possession of the premises to the landlord within two days after the trial. Section 8–401(b) and (c). If the tenant fails to comply with the order to yield possession of the premises within two days, the court shall, at any time thereafter, issue its warrant of restitution, § 8–401(d), which, as we have noted, directs the sheriff or constable to evict the tenant and put the landlord in possession.

By Chapter 490 of the Laws of 1973 [now § 8–401(e)], the tenant was given a right to redeem the demised premises after judgment and prior to eviction. The issue before us is the meaning of the phrase "all past due rent and late fees" in that subsection, which reads, in pertinent part, as follows:

> In any action of summary ejectment for failure to pay rent where the landlord is awarded a judgment giving him restitution of the leased premises, *the tenant shall have the right to redemption of the leased premises by tendering in cash, certified check or money order to the landlord or his agent all past due rent and late fees,* plus all court awarded costs and fees, at any time before actual execution of the eviction order. (emphasis added)

Appellant contends that "all past due rent" means the amount of rent due at the time the tenant exercises his right of redemption by tendering payment. Appellees, on the other hand, claim that "all past due rent" means the amount of rent determined by the court to be due.

■ It is, of course, a cardinal rule of statutory construction that statutes be so interpreted as not to render them unconstitutional. *Pickett v. Prince George's County,* 291 Md. 648, 661, 436 A.2d 449 (1981). It may well be argued that appellant's interpretation would render the statute unconstitutional as a deprivation of the tenant's leasehold

property without due process of law, since it would enable the landlord to oust the tenant by demanding rent not judicially determined to be due. *See North Georgia Finishing, Inc. v. Di-Chem, Inc.,* 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975); *Mitchell v. W.T. Grant Co.,* 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974); *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); and *Sniadach v. Family Finance Corp.,* 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969). To such argument, however, appellant's response is that the court has already determined that the landlord is entitled to repossess the premises and has ordered the tenant to yield them. By giving the tenant the right to redeem that which has already been judicially taken away, the legislature has conferred a privilege which can constitutionally be limited as the legislature sees fit. That, however, would in turn give rise to the question as to whether the statutory right of redemption is, itself, a property right of which the tenant cannot be deprived without due process of law.

Appellant's interpretation of the statute may also arguably be contrary to the Maryland Constitution. Article 8 of the Declaration of Rights provides

[t]hat the Legislative, Executive and Judicial powers of Government ought to be forever separate and distinct from each other; and no person exercising the functions of one of said Departments shall assume or discharge the duties of any other.

As the Court of Appeals pointed out in *University Plaza Shopping Center, Inc. v. Garcia,* 279 Md. 61, 367 A.2d 957 (1977), the legislature prescribed certain rights and liabilities accruing upon the failure to pay "rent" without defining that term or setting out what was to be included as rent within the meaning of the statute. The common law and case law, therefore, must supply what is missing from the statute, and that is to be determined on a case-to-case basis. Should the sheriff or constable make such determinations? If the sheriff or constable is to decide what constitutes rent within the meaning of § 8–401(e), must he also decide when

and whether it is due? Is not such decision making a power to be exercised exclusively by the judiciary?

█ We will not answer those questions, however; nor will we address the due process argument, because of the policy that courts should not decide constitutional issues unnecessarily, *Simms v. State,* 288 Md. 712, 725, 421 A.2d 957 (1980). If it is possible to decide the case on some other basis, we should do so; and we believe that we can reach our decision by determining which of the contending interpretations would effectuate the actual intent of the legislature.

Sheriff Aluisi maintains that when he assumed office in December 1978 the standard procedure in executing warrants of restitution in rent cases was and continues to be that the tenant will not be evicted if the amount specified in the warrant is paid. To the best of his knowledge, that has always been the standard procedure not only in Prince George's County but throughout Maryland. Appellees argue that such contemporaneous construction of the statute by the officials charged with the duty of executing its provisions is entitled to be given weight by the court in construing the statute, citing *Falcone v. Palmer Ford, Inc.,* 242 Md. 487, 219 A.2d 808 (1966); *Popham v. Conservation Commission,* 186 Md. 62, 46 A.2d 184 (1946); *Dvorine v. Castelberg Corp.,* 170 Md. 661, 185 A. 562 (1936); *State Commission on Human Relations v. Baltimore County,* 46 Md.App. 45, 58, 415 A.2d 856 (1980); and *Hofmeister v. Frank Realty Co.,* 35 Md.App. 691, 373 A.2d 273 (1977). Appellees also refer to *Smith v. Higinbothom,* 187 Md. 115, 132–133, 48 A.2d 754 (1946) (citations omitted), in which the Court of Appeals held that

where the language of a statute is susceptible of two constructions, a long-continued and unvarying construction applied by administrative officials is strong persuasive influence in determining the judicial construction of the statute, and it should not be disregarded except for the strongest and most urgent reasons.

We agree with the principle of law so expressed but believe that appellees misapply it to the office of sheriff in

this case. If the warrant of restitution provides that the tenant can redeem the premises by paying a specified sum of money, the sheriff has been obeying the process, not construing the law. But the district court, by creating and using a form for a warrant of restitution which contains a provision that the executing officer will deliver possession of the property to the landlord unless the tenant tenders a specified sum of money, which sum is based on prior judicial determination, adopted a contemporaneous construction and has maintained it as a "long-continued and unvarying construction."

Appellant, in turn, would have us determine the legislative intent of subsection (e) by a comparison of its language with that of subsection (c)(5), which provides that at the trial the tenant may tender "the rent determined by the court to be due and unpaid, together with the costs of the suit," in which case the complaint "shall be entered as being satisfied." Section 8–401(e), however, instead of referring to "rent determined by the court to be due," provides for redemption by tender of "all past due rent and late fees, plus all court awarded costs and fees."

We do not regard the difference in language between the two subsections as particularly significant. Subsection (c)(5) is part of the original statute creating the remedy of summary ejectment, and the court must determine the amount of rent due before the landlord is entitled to recover the premises. The intent of the particular statutory language may merely have been to entitle the tenant to put the landlord to the proof as to what is due and owing as rent before he is obliged to make a tender. Subsection (e), however, required no similar language since it cannot come into play until after there has been a judicial determination as to the amount of the rent due. A comparison of language employed in statutes enacted at different times for different purposes will be of little assistance in determining what the legislature meant by the words "all past due rent and late fees." Does that phrase mean whatever the landlord claims

to be "past due rent" or what a court has previously determined to be "rent due and unpaid"?

We believe we are more likely to find the true legislative intent by examining the statute in the light of the purpose for which it was enacted. In ascertaining legislative intent, "it is not proper to confine interpretation to the isolated section to be construed." *Comptroller v. John C. Louis Co.,* 285 Md. 527, 538, 404 A.2d 1045 (1979). Instead, we must examine the section as it relates to the entire statutory scheme.

> The presumption is that the lawmaker has a definite purpose in every enactment and had adopted and formulated the subsidiary provisions in harmony with that purpose; that these are needful to accomplish it; and that, if that is the intended effect, they will, at least, conduce to effectuate it. That evident purpose of a statute is an implied limitation on the sense of general terms, and a touchstone for the expansion of narrower terms. This intention or the prevailing perception of it affords the key to the sense and scope of minor provisions. From this assumption proceeds the general rule that the cardinal purpose, intent or purport of the whole act shall control, and that all the parts be interpreted as subsidiary and harmonious. "A statute is to be construed with reference to its manifest object, and if the language is susceptible of two constructions, one which will carry out and the other defeat such manifest object, it should receive the former construction."

2A Sutherland, *Statutes and Statutory Construction;* § 46.-05 (4th ed. C.D. Sands 1973) (footnotes omitted).

Appellant asserts that the purpose of § 8–401 was to protect the landlord, in his right to collect rent, by creating a summary procedure for repossession of premises for nonpayment of rent. In many instances, such relief would be more beneficial to the landlord than the older remedy of distraint. We agree with that assertion, at least with respect to subsections (a), (b), (c), (d) and (f), which derive from Chapter 529 of the Laws of 1937. Subsection (e), however,

enacted by Chapter 490 of the Laws of 1973, was clearly intended to meliorate the plight of the tenant who might be unable to pay the rent on the day it falls due but can manage to pay it before he is actually evicted. The interpretation contended by appellant would thwart that intention.

If, in order to redeem his leasehold estate from forfeiture, the tenant were required to pay not only the sum theretofore judicially determined to be due but also such other rent and late fees as may have accrued thereafter, who shall decide what additional rent and late fees are now past due? The legislature certainly did not provide that the officer executing the warrant of restitution should do so, and as we have already indicated, to require a sheriff or constable to perform such judicial functions would raise serious questions under the doctrine of separation of powers.

Appellant suggests that the sheriff need not act as judge or arbiter; he should merely accept the landlord's statement as to how much rent is past due and evict the tenant unless the tenant pays whatever amount the landlord claims. He argues that if the landlord demands and the tenant pays more than was actually then "past due" as "rent and late fees," the excess payment can be recovered by the tenant. That argument overlooks the obvious—if the tenant had available sufficient funds to enable him to pay whatever the landlord thought was due and owing, he would hardly have been in default in the first place. Of course, if the tenant is evicted because, although prepared to pay $500 that he admits he owes, he cannot pay the $1000 that the landlord (wrongfully) claims is then past due, the tenant would surely have a cause of action against the landlord. But the possibility of a future meritorious action against the landlord for wrongful eviction would not satisfy the purpose for which subsection (e) was enacted. The legislative intent was to enable avoidance of a forfeiture, not to create another actionable tort.

The trial court's interpretation of subsection (e), that "all past due rent and late fees" payable by a tenant in order to

redeem premises after a judgment for restitution has been entered means rent and fees that have been judicially declared to be due, would in no way impair the benefits afforded the landlord by § 8–401. If additional rent and fees accrue after the judgment for the enforcement of which the warrant of restitution was issued, he may again avail himself of the summary eviction procedures.[1] This need not be a perpetual process. By its own terms, subsection (e), which gives the tenant a right of redemption, is not available "to any tenant who has received more than three summons containing copies of complaints filed by the landlord against the tenant for rent due and unpaid in the 12 months prior to the initiation of the action to which this subsection otherwise would apply."

We conclude, therefore, that Judge Mason's interpretation of Md.Real Prop.Ann.Code § 8–401(e) is correct; accordingly, we will affirm his order.

ORDER AFFIRMED.

COSTS TO BE PAID BY APPELLANT.

---

1. Apparently, appellant declined to avail himself of that remedy, electing instead to pursue this case. According to the parties' agreed statement of facts, although the tenant, Joyce Pauley, has paid no further rent, she continues to occupy the apartment in Landover.