668 A.2d 929

**SCHUMAN, KANE, FELTS & EVERNGAM, CHARTERED**

v.

**James ALUISI et al.**

**No. 34, Sept. Term, 1995.**

Court of Appeals of Maryland.

Dec. 28, 1995.

116

Ronald G. Kane (Schuman, Kane, Felts & Everngam, Chartered, on brief), Bethesda, for Appellant.

Julia M. Freit, Assistant Attorney General, (J. Joseph Curran, Jr., Attorney General, on brief), Baltimore, for Appellee.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

BELL, Judge.

We are required, in this case, to determine whether Maryland Code (1974, 1995 Repl.Vol.) § 7–402(d) of the Courts and Judicial Proceedings Article,[1] relating to the refund of certain sheriff's fees, requires that the fee collected for issuance and execution of a warrant of restitution be refunded when the warrant is not executed, either because the tenant has vacated the premises or is no longer in default.

## I

Schuman, Kane, Felts & Everngam, Chartered, the appellant, is a law firm which frequently advances, on behalf of its clients, the fees required to be collected by the sheriff in connection with summary ejectment proceedings. One such fee is "for service including an execution or attachment by taking into custody a person or seizing real or personal

---

1.  Unless otherwise indicated, all future references will be to the Courts and Judicial Proceedings Article, Maryland Code (1974, 1995 Repl. Vol.).

property." § 7–402(a)(3) [2]   At issue in the case *sub judice* are monies the appellant paid to the Prince George's County sheriff, James Aluisi, and the Sheriff's Office, appellees, after judgments had been entered in summary ejectment actions, for warrants of restitution, which were never executed. When, despite its request for refund, the fees were retained by the appellees, the appellant filed a complaint for declaratory judgment, accounting and money damages. Subsequent to timely answering the complaint,[3] the appellees filed a motion for summary judgment on the issue of liability.[4]   The court granted that motion, adopting the appellees' argument that the fee the appellant paid in connection with the warrant of restitution falls outside the scope of § 7–402(d). That section,

---

2.  Section 7–402(a), as relevant, prescribes fees collectable by a sheriff, as follows:

> (a) *Fees.*—Except as provided in subsection (b) of this section, a sheriff shall collect the following fees:
>
> (1) $5 for service of summary ejectment papers.
>
> (2) $30 for service of a paper not including an execution or attachment.
>
> (3) $30 for service including an execution or attachment by taking into custody a person or seizing real or personal property.
>
> (4) $30 for service of process papers arising out of administrative agency proceedings where the party requesting the service is a nongovernmental entity.
>
>     \*    \*    \*    \*    \*    \*
>
> Subsections (a)(5) and (a)(6) set out the fees collectable by the sheriff in connection with the sale, following the execution or attachment, of personal and real property, respectively.
>
> As will be explained more fully *infra*, the only fee applicable to the service in connection with a warrant of restitution is that provided in subsection (a)(3). The fees prescribed by subsections (a)(1), (a)(2) and (a)(4) are for service of papers, while those in subsections (a)(5) and (a)(6) pertain to sales. Only the fee set forth in subsection (a)(3) is for an execution or attachment.

3.  On the appellant's motion, the trial court bifurcated, for discovery and trial purposes, the issues of liability and damages.

4.  Summary judgment may be granted only when there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Maryland Rule 2–501(e). *See Gross v. Sussex*, 332 Md. 247, 255, 630 A.2d 1156, 1160 (1993). The appellant does not contend in this case that there is a genuine dispute of material fact, which would preclude summary judgment.

the court concluded, requires, by its express terms, the refund of a fee only when the sheriff "is unable to serve a paper." The appellant noted a timely appeal to the Court of Special Appeals. We issued a writ of certiorari on our own motion prior to the intermediate appellate court considering the matter.

## II

### A.

Determining the scope of § 7–402(d), *i.e.*, defining the refunds to which it relates, is a matter of statutory construction, the object of which is to discern and effectuate the intention of the Legislature. *Baltimore v. Cassidy*, 338 Md. 88, 93, 656 A.2d 757, 760 (1995). The search for legislative intent begins, and ordinarily ends, with the words of the statute under review. *Id.*, citing *Harris v. State*, 331 Md. 137, 145, 626 A.2d 946, 950 (1993). Where the ordinary and common meaning of the words used in the statute is clear and unambiguous, usually, it is unnecessary to go further. *Id.* at 94, 656 A.2d at 760. Nevertheless, "[i]n the interest of completeness . . . we may look at the purpose of the statute and compare the result obtained by use of its plain language with that which results when the purpose of the statute is taken into account." *Harris*, 331 Md. at 146, 626 A.2d at 950. In ascertaining the purpose of the statute, "a bill's title and function paragraph, amendments that occurred as it passed through the Legislature, its relationship to earlier and subsequent legislation and other material that fairly bears on the fundamental issue of legislative purpose or goal . . ." may be considered. *Wynn v. State*, 313 Md. 533, 539, 546 A.2d 465, 468 (1988) (quoting *Kaczorowski v. Mayor & City of Baltimore*, 309 Md. 505, 513, 525 A.2d 628, 632–33 (1987)).

Section 7–402(d) provides:

(d) *Refund of fee where sheriff unable to serve paper.*—If the sheriff is unable to serve a paper, the full fee shall be refunded to the party requesting the service.

Section 7–402(d) is clear and unambiguous. By its express terms, the fees to which it applies are those collected by a sheriff "to serve a paper." It also clearly requires that such fees be refunded whenever the sheriff "is unable" to accomplish that task, *i.e.*, when the person to be served cannot be located and, therefore, there is a "non est" return.

The legislative history of the refund provision supports this interpretation. In 1984, prior to the enactment of House Bill 565, which, by Chapter 65, 1985 Maryland Laws, added subsection (d), prescribed additional fees, and increased the existing ones, § 7–402, contained but two subsections: subsection (a), then, as now, prescribing sheriff's fees, and subsection (b), present subsection (c), requiring the reimbursement of expenses incurred by the sheriff in conserving or protecting seized property.[5] More particularly, subsection (a), which, at that time, did not authorize a fee for the service of summary ejectment papers or for service of process in administrative proceedings, then, as now, recognized a distinction between the fees prescribed. That distinction was based upon whether the sheriff was required to serve a paper. In practice, moreover, the fees for service of a paper were being refunded when the required service had not been made and a "non est" return

---

5. The 1984 version of § 7–402 provided:
    (a) Fees.—A sheriff shall collect the following fees:
      (1) $5 for service of a paper not including an execution or attachment.
      (2) $10 for service including an execution or attachment by taking into custody a person or seizing real or personal property.
      (3) For the sale following the execution or attachment of personal property: Three percent of the first $5,000; two percent of the second $5,000; and one percent of any amount in excess of $10,000. The sheriff shall collect a minimum of $3 and a maximum of $500 under the provisions of this paragraph.
      (4) For the sale following the execution or attachment of real property: One and one-half percent of the first $5,000; one percent of the second $5,000; and one-half of one percent of any amount in excess of $10,000. The sheriff shall collect a minimum of $1.50 and a maximum of $250 under the provisions of this paragraph.
    (b) Reimbursement of expenses.—If the sheriff incurs expenses for the purpose of conserving or protecting the seized property, he shall be reimbursed for the expense.

was made. *See* 61 *Op. Att'y Gen.*, 779, 785 (1976) (opining that the Harford County Sheriff was not entitled to the statutory fee for service of a paper when the person sought was not found and a "non est" return was made).

Following the defeat, during the 1984 legislative session, of legislation proposed by the Maryland Sheriffs Association, which would have increased sheriffs' fees for the service of process, the Maryland Association of Counties ("MACO"), which had opposed that legislation, formed a Sheriffs' Fees Committee to review sheriffs' fees. With the participation and assistance of the Maryland Sheriffs Association and the District Court of Maryland, a report, with recommendations, dated November 7, 1984, was prepared. That report was presented to the Legislature *via* the testimony on House Bill 565, given by Raymond Wax, the chairman of the committee, before the Ways & Means Committee of the House of Delegates. The Report and Recommendations of MACO's Committee on Sheriffs' Fees, adopted, *inter alia,* the following two recommendations:

When the sheriff is unable to serve the court papers (non est), there should be no charge and any fee collected should be refunded. This represents current practice and it was felt that the recommendation for a $15.00 sheriff fee could be jeopardized if retention of the fee, or a partial fee, for "non est" was also sought.

5. Sheriffs' fees should be charged in proceedings of administrative agencies where the parties requesting service of process are non-governmental entities. Such agencies include the Workmen's Compensation Commission, the Attorney Grievance Commission and the Medical Malpractice Arbitration Panels.

The capsule summary of House Bill 565, prepared by the Department of Legislative Reference for the Senate Judicial Proceedings Committee, stated, "This Bill increases specified sheriffs' fees and creates new sheriffs' fees, but provides for the refund of sheriffs' fees if the sheriff is unable to serve a

paper." The Senate Judicial Proceedings Committee Report on the bill explained its legislative intent as follows:

> House Bill 565's intent is to alter the fees charged by sheriffs by providing for a fee for the service of the summary ejectment papers and a fee for the service of process papers in administrative agency proceedings where the requesting party is a non-governmental entity. This Bill has also intended to provide a refund for papers not served and provide increases in fees for execution of attachment of personal and real property.

Thus, despite the presence in § 7–402(a) of provisions for fees for "service" other than the service of a paper, *see* subsections (a)(3), (a)(5) and (a)(6), the Legislature chose to require refunds only when there was an inability to serve a paper. Moreover, there is nothing in this history that suggests the Legislature intended that the fee for executing a warrant of restitution, *i.e.*, that authorized by subsection (a)(3), be refunded when the warrant was not executed for any reason.

## B.

■ Having concluded that § 7–402(d) is applicable only when service of a paper is involved and requires a refund only when that cannot be accomplished, we consider whether the service of a paper is a necessary part of the issuance or the execution of a warrant of restitution. In the process, we address the appellant's argument that the reference in § 7–402(a)(1) to summary ejectment papers was intended, by the Legislature, which was aware of the nature of the summary ejectment proceedings, to include the warrant of restitution as a paper to be served.

■ Summary ejectment proceedings "empower the court to enter a money judgment for the amount of rent determined to be owing and also to issue an order for the tenant to yield possession of the premises when the jurisdiction over the tenant has been obtained." 61 *Op. Att'y Gen.*, 528, 531 (1976). Because it is an order issued by the court, which "permit[s]

the landlord to regain possession of his premises upon default in the payment of rent by the tenant . . .," *Greenbelt Consumer v. Acme Markets,* 272 Md. 222, 230, 322 A.2d 521, 526 (1974), the appellant is correct, a warrant of restitution does issue out of summary ejectment proceedings. *See* Maryland Code (1984, 1995 Repl.Vol.), § 8–401(d) of the Real Property Article (hereinafter "RP § 8–401"). It is not, however, a paper to be served. Focusing on the nature of the warrant of restitution and the role it plays in the summary ejectment proceedings and contrasting it with that played by the complaint and summons [6] serves to demonstrate that this is so.

A warrant of restitution issues at the request of the landlord, by Petition—For Warrant of Restitution,[7] but only if judgment has been entered in the landlord's favor and the tenant has failed to yield and surrender possession of the premises to the landlord within two days following the trial, RP § 8–401(c)(2) and (3), and not later than the later of 60 days from the date of judgment or the expiration of any stay of execution that may have been granted. RP § 8–401(d)(1). "[D]irected to any official of the County entitled to serve process, ordering him to cause the landlord to have again and repossess the property by putting him (or his duly qualified

6. The summons required to be served on the tenant or affixed to the premises is attached to the Landlord's Complaint For Repossession Of Rented Property, which contains a description, in general terms, of the property to be repossessed, the name of the tenant and the amount of rent due and unpaid. It also contains a request for an order of possession and, if applicable, *i.e.,* personal service has been obtained, a prayer for judgment for the amount of the rent due.

7. District Court form DC/CV81 (Rev. 4/91) contains both the petition and the warrant of restitution, *i.e.,* the court's order authorizing the repossession of the landlord's property. The "PETITION—FOR WARRANT OF RESTITUTION" is immediately under the case caption and beneath it is the "Order". The petition and the order serve different functions. The former informs the court of the tenant's continuing default and requests the court to dispossess the tenant. The latter is the court's response to the landlord's petition. Although both are necessary "papers" in the proceedings, neither requires or contemplates service on the tenant.

agent or attorney for his benefit) in possession thereof," *id,* the warrant authorizes the removal from the property, of the tenant's belongings or those of persons whose possessory interest derives from the tenant. *Id.* The warrant neither requires nor contemplates its delivery to anyone or in any way suggests that service of a paper is involved.[8] Once issued, the sheriff is obliged to execute the warrant according to its terms, unless the tenant has redeemed the premises, *see* RP § 8–401(e),[9] the tenant has voluntarily vacated the premises, or the landlord has decided not to exercise the right to restitution of the premises.[10] Thus, the appellees correctly argue:

> Because execution of a warrant of restitution does not involve service of a paper, it is never followed by a "non est" return; there is no person to find to serve with papers. The warrant may be executed even if the tenant is not at the premises at the time of execution. The tenant's belongings are simply removed from the premises and placed on the sidewalk.

---

**8.** As relevant, the warrant of restitution provides:
> To Sheriff of this County/Constable of this court. Greetings:
> \* \* \* \* \* \*
> You are commanded, no later than 60 days from the date of this order, to cause the landlord to have again and repossess the property by putting the landlord (or the landlord's duly qualified agent or attorney for the landlord's benefit) in possession thereof, and for the purpose to remove from the property by force if necessary, all the furniture, implements, tools, goods, effects or other chattels of every description.

**9.** To redeem the premises, Maryland Code (1984, 1995 Repl.Vol.), § 8–401(e) of the Real Property Article requires the tenant to tender to the landlord or the landlord's agent, in cash, certified check or money order, all past due rent and late fees, plus all court awarded costs and fees at any time before actual execution of the eviction order.

**10.** Under the Prince George's County Sheriff's eviction policy, a civil deputy charged with executing warrants of restitution must contact the landlord by phone or in person "to determine if they wish to go forward with the eviction or if the tenant has paid or vacated. The landlord always has the right to cancel the action at any time even if the eviction is in progress."

Appellees Brief at 7–8.[11]

■ By contrast, a judgment for possession of the premises, out of which the warrant of restitution emanates, *see* RP § 8–401(b), cannot be entered until the tenant has been served pursuant to the procedure set forth in RP § 8–401(b). In addition to notifying the tenant by first-class mail to appear at the trial in the District Court to answer the landlord's complaint to show cause why the relief prayed should not be granted, that procedure requires the sheriff to "serve the summons upon the tenant, assignee or subtenant in the property or upon his known or authorized agent." When "neither the tenant, assignee or subtenant, nor his agent can be found, . . . the constable or sheriff [is required to] affix an attested copy of the summons conspicuously upon the property." RP § 8–401(b)(1). Affixing an attested copy of the summons to the property, when coupled with first-class mail notice, will support a default judgment for repossession of the premises, together with court costs. A default judgment in favor of the

---

11.  The Prince George's County Sheriff's policy on evictions is:

   After summons has been served or tacked and judgment has been rendered in favor of the Plaintiff he must then wait 48 hours to petition the court for the Warrant of Restitution. . . .

   The Landlord and Tenant office files copies of the summons, writ and any additional papers involved in the case. . . .

   [Then] the deputies assigned to the "civil area" receive two (2) copies of the writ [of restitution]. The top copy is the court's copy which is returned to the court after a disposition has been rendered and a tenant's copy. The tenant's copy is a duplicate to the court copy with the exception of the lower portion where it advises that the eviction can take place at any time. The tenant is advised by mail by the court of the pending eviction.

   The civil deputy is to sort the work into area and project. He then must contact the Landlord by phone or in person to determine if they wish to go forward with the eviction or if the tenant has paid or vacated. The landlord always has the right to cancel the action at any time even if the eviction is in progress. After checking the Warrant of Restitution with the Landlord and canceling the no longer active warrants the deputy may give notice copy to the tenant, by posting.

This policy does not mandate that the tenant be served with the warrant of restitution before the eviction can occur. In fact, it explicitly states that ["t]he tenant's copy" is a notice copy, which may be posted on the premises. It is simply a courtesy to the tenant.

landlord for the amount of rent due requires that the tenant or the tenant's agent be served personally. It is this service on the tenant and/or the posting of the property for which the sheriff collects the $5 fee authorized "for service of summary ejectment papers." *See* § 7–402(a)(1).

The appellant does not request the refund of the fee for the service of summary ejectment papers; rather, it seeks the refund of the $30 fee collected pursuant to § 7–402(a)(3). Hence, the appellant recognizes the $30 fee as the fee applicable to warrants of restitution. Nevertheless, it argues that the reference to summary ejectment papers in § 7–402(a)(1) supports its position. It contends that, like the complaint and the summons, the warrant of restitution is a summary ejectment paper. The appellant then concludes that, because § 7–402(a)(1) states that summary ejectment papers are to be served, it falls within the scope of § 7–402(d).

There is no merit to this argument. Notwithstanding that the complaint and summons and the warrant of restitution are essential components of summary ejectment proceedings, they serve different and distinct purposes. Consequently, even if the warrant of restitution is a summary ejectment paper, it does not follow that it is one to be served. Indeed, we have already pointed out that it is a court order to be executed, not a paper to be served; in addition to being a post judgment order, it is directed to the sheriff, rather than the tenant. The summary ejectment papers referred to in § 7–402(a)(1), in short, do not include the warrant of restitution.

█ Nor is the suggestion, implicit in the appellant's argument, that "service of a paper" includes "executions" meritorious. If the appellant were correct, the failure to execute the warrant of restitution would be grounds for refund under § 7–402(d). The argument is belied by the statute itself—it refers to service, not execution.

The § 7–402(a)(3) fee is not predicated on the service of a paper and the "service" it contemplates is in no way equatable to the service of a paper. The $30 fee it prescribes is "for service including an execution or attachment by taking into

custody a person or seizing real or personal property." To "seize" is "to take possession of forcibly, to grasp, to snatch or to put into possession." Black's Law Dictionary 1219 (5th ed. 1979). When the tenant fails to comply with the court order granting the landlord judgment for possession of the premises, by directing the sheriff "to cause the landlord to have again and repossess the property by putting him in possession thereof," RP § 8–401(d) authorizes the sheriff to seize the real property as a predicate to returning possession of it to the landlord. The fee, then, is for "service" as opposed to service of process. It is collected for service relating to the execution of the warrant of restitution, including being available to put the landlord back in possession of the premises, *i.e.*, to execute the warrant.

The result to be achieved by execution of a warrant of restitution is the return of possession of the property to the landlord. *See Berlin v. Aluisi*, 57 Md.App. 390, 397, 470 A.2d 388, 391 (1984). When, in the face, or in anticipation, of the issuance of a warrant of restitution, the tenant vacates the premises, the desired result is achieved even though the warrant of restitution was not executed. On the other hand, the issuance of the warrant of restitution brings a real sense of immediacy to the need for the tenant to cure the default. Thus, the issuance of the warrant, coupled with the sheriff's availability and duty to execute it, if the default persists, are valuable parts of the ejectment process, serving to encourage the curing of defaults, *i.e.*, the payment of the past due rent, which is an acceptable, as well as anticipated result. Thus, in either case—whether the tenant earlier vacates the premises or cures the default—the goal the warrant of restitution seeks to achieve is accomplished without its execution. This provides a rational basis for the legislative decision to require a refund when service of a paper is not accomplished, but not when execution of the warrant of restitution is rendered unnecessary by the action of the tenant.

Having determined that the warrant of restitution is not a paper to be served within the meaning of § 7–402(d), we hold

that the circuit court correctly granted the appellee's motion for summary judgment.

*JUDGMENT AFFIRMED WITH COSTS.*