Dear John W. Anderson,
You have asked for our opinion concerning the service of a summary ejectment summons by means of first class mail and posting of the property — commonly referred to as "mailing and nailing" — when the rental property to be repossessed is an apartment in a multi-unit building. More particularly, you ask whether the deputy sheriff serving the summons must post the summons on the individual apartment to be repossessed.
In our opinion, the statutes governing service of process in summary ejectment actions require that the process server affix an attested copy of the summons conspicuously upon the property to be repossessed — that is, the individual apartment. As with other forms of process, this requirement may be modified in extraordinary circumstances. For example, if the tenant-defendant makes it impossible for the deputy to access the apartment "without force or personal risk," the summons may be posted conspicuously in a common area near to the apartment. In other instances in which reasonable, good faith efforts to post the apartment fail, the court may order an alternative means of service.
 I Summary Ejectment Proceedings
Summary ejectment is a legal remedy that enables a landlord to regain prompt possession of rented property from a tenant who fails to pay the agreed-upon rent. The Court of Appeals has labeled summary ejectment proceedings as "possessory in rem or quasi in rem actions that provide a means by which a landlord might rapidly and inexpensively obtain repossession of his premises. . . ." Greenbelt Consumer Services, Inc.v. Acme Markets, Inc., 272 Md. 222, 229, 322 A.2d 521 (1974). Exclusive jurisdiction over the action is placed in the District Court, regardless of the amount involved, because of the availability and relative informality of procedures in that court. Id. at 229.
Summary ejectment proceedings have long been part of the law of Maryland. In 1888, the General Assembly enacted legislation authorizing such actions within Baltimore City. Chapter 487, Laws of Maryland 1888,now codified as §§ 9-2 and 9-3, Code of Public Local Laws of Baltimore City (1979 ed. 1997 supp.) ("PLL"). The action was later adopted on a statewide basis and is now codified at Annotated Code of Maryland, Real Property Article ("RP"), § 8-401. Chapter 529, Laws of Maryland 1937.[1] See Greenbelt Consumer Services, 272 Md. at 230.
To initiate a summary ejectment action, a landlord must file a written complaint, under oath or affirmation, that describes the property sought to be repossessed, names each tenant of that property, states the amount of unpaid rent and late fees, and requests repossession of the premises.[2]
See RP § 8-401(b)(2); PLL § 9.3. A hearing on the matter of repossession is scheduled just five days after the landlord's complaint is filed.[3] RP § 8-401(b)(3), (c); PLL § 9.3. This provides very little time, of course, for the service of process.
 II Service of Process in Summary Ejectment Proceedings
The principal purpose of initial process in any legal proceeding is to give the court personal jurisdiction over the defendant and to afford the defendant an opportunity to be heard with respect to the claim. See Mooring v. Kaufman, 297 Md. 342, 351, 466 A.2d 872 (1983); 82 Opinions ofthe Attorney General ___ [Opinion No. 97-019 (August 21, 1997)], slip opinion at p. 2. The constitutional minimum for process in any proceeding is "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank Trust Co., 339 U.S. 306, 314 (1950). "The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." Id. at 315. The constitutional standard does not depend on whether the type of proceeding is labeled an in rem as opposed to an in personam action, although the nature of the action is a factor that may be considered in assessing the constitutional adequacy of service. Greene v. Lindsey, 456 U.S. 444, 450-51 (1982); see also Mullane, supra, 339 U.S. at 312-13; Miserandino v. Resort Properties,Inc., 345 Md. 43, 54, 691 A.2d 208 (1997).
A. Statutory Provisions Governing Service of Process
When a landlord chooses to forego seeking a money judgment for past due rent, and seeks only to extinguish the tenant's right to remain on the premises in a summary ejectment proceeding, the statutes do not require personal service. Rather, as part of a substitute for personal service, both of the statutes that govern summary ejectment proceedings in Baltimore City provide for the posting of the summons on the rental property to be repossessed.
1. Real Property Article
A constable or sheriff serving process in a summary ejectment proceeding must:
 1) "notify the tenant, assignee, or subtenant by first-class mail"; and
 2) where the landlord has not requested personal service, "affix an attested copy of the summons conspicuously upon the property."
RP § 8-401(b)(3), (4)(i). The statute further specifies: "The affixing of the summons upon the property after due notification to the tenant, assignee, or subtenant by first-class mail shall conclusively be presumed to be a sufficient service . . . to support the entry of a default judgment for possession of the premises, together with court costs, in favor of the landlord. . . ." RP § 8-401
(b)(4)(ii). However, such "mailing and nailing" service is not deemed sufficient to support the entry of a default judgment for rent due.Id.[4]
 2. Public Local Laws
The General Assembly has also provided direction on service of process in summary ejectment proceedings in the statute specific to Baltimore City:
 [the] Constable shall forthwith proceed to serve said summons . . . upon said tenant . . . or upon his . . . known or authorized agent, or said Constable shall affix an attested copy of said summons conspicuously upon said premises, and such affixing of said summons shall . . . be deemed . . . a sufficient service.
PLL § 9.3. To meet constitutional standards of due process, the posting required by PLL § 9.3 must also be accompanied by a mailing of the summons to the tenant. See Greene v. Lindsey, 456 U.S. 444, 455
(1982) (Kentucky statute governing eviction proceedings constitutionally deficient in permitting service by posting alone; mailing of service in addition to posting "would surely go a long way toward" meeting requirements of due process). Thus, although worded slightly differently, PLL § 9.3 contains essentially the same requirements as RP § 8-401.
B. Current Practice in Posting Apartments in Multi-Unit Buildings
In the letter requesting this opinion, you pointed out that it has been the practice of the Sheriff's Office in Baltimore City to post summary ejectment summonses in the common entrances to multi-unit buildings or in building lobbies or mail rooms. You state that this practice has been adopted because it is more efficient than posting individual apartments, because there is concern for the safety of Sheriff's Office personnel in some buildings, and because access to the doors of individual apartments is sometimes impossible.
On the other hand, we understand that the sheriffs in the vast majority of Maryland jurisdictions routinely serve summary ejectment summonses by posting them on individual apartment doors. In addition, the most common obstacle to posting individual apartments, a locked outer door, is generally subject to the control of the plaintiff in a summary ejectment proceeding — the landlord. In a number of jurisdictions, the sheriff has obtained the cooperation of landlords to eliminate that obstacle.
C. Statutory Analysis
RP § 8-401(b)(4) states that the sheriff is to post a copy of the summons conspicuously upon "the property." The term "property" is not specifically defined for purposes of this section.[5]
Similarly, PLL § 9.3 requires posting on "said premises," but does not define that term. Neither statute provides specific direction as to the property or premises to be posted in the case of repossession of a single apartment within a multi-unit building. Indeed, in recodifying the summary ejectment law as part of the Real Property Article in 1974, the revisors noted that the statute left unanswered the question of where posting should occur when the leased premises is only part of a larger property. Chapter 12, Laws of Maryland 1974, Revisor's Note No. 6 at p. 355. Subsequent to that observation, the General Assembly has not adopted clarifying legislation.[6]
Even though the terms "premises" and "property" may be somewhat ambiguous, the command of both statutes is clear when those terms are given their ordinary meaning and read in context. Throughout both statutes, the terms "property" and "premises" are used interchangeably to refer to the property or premises to be repossessed by the landlord. In the case of repossession of a single apartment within a multi-unit building, the "property" or "premises" is the single apartment unit that is the subject of the summary ejectment proceeding. Thus, in our opinion, the statutes oblige the process server to post the summary ejectment summons on the individual apartment.[7]
This construction of RP § 8-401 and PLL § 9.3 is a common sense interpretation of the language of the statute in context. Where the ordinary and common meaning of the words used in a statute is clear and unambiguous, usually it is unnecessary to go further. Schuman, Kane, Felts Everngam v. Aluisi, 341 Md. 115, 119, 668 A.2d 929 (1995). Nevertheless, "[i]n the interest of completeness . . . [courts] may look at the purpose of the statute and compare the result obtained by use of its plain language with that which results when the purpose of the statute is taken into account." Id.
This interpretation is confirmed by consideration of the purpose of the posting requirement in light of the constitutional mandate to provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Several factors peculiar to summary ejectment proceedings indicate why posting of an individual apartment is desirable and feasible.[8]
First, the cases proceed on an expedited timetable, with a trial scheduled five days after the filing of the complaint. RP § 8-401(b)(3). Elementary fairness requires prompt notice to the defendant. As a practical matter, a posting at a common entrance is likely to be less effective in accomplishing that purpose, as it is more susceptible to removal or destruction by other persons or the elements. Second, the potential consequences of an eviction action to the defendant are drastic. See Sallie v. Tax Sale Investors, Inc., 998 F. Supp. 612,620 (D.Md. 1998) ("[G]iven the magnitude of the indignity and the loss of personalty attendant to an eviction without notice, it is indisputable that [tenants] are entitled to insist upon a genuine effort to provide notice having a substantial degree of effectiveness at a meaningful time prior to the eviction"). Finally, unlike most other proceedings, the plaintiff in an eviction proceeding has control over access to an individual apartment in a multi-unit building. Given all these factors, we think it unlikely that the General Assembly intended to depart from the ordinary meaning that would be given to the terms "property" and "premises" as they appear in context in RP § 8-401 and PLL § 9.3.
There may be circumstances in which the process server is unable, despite reasonable and good faith efforts, to affix the summons on the door of the individual apartment — for example, if the deputy sheriff encounters physical obstacles beyond the control of the landlord-plaintiff preventing access to the individual apartment. If the tenant-defendant resists service "by threats, violence, or superior force," or makes it impossible for the deputy sheriff to access the apartment "without force or personal risk," as in any case, the process may be posted in a common area as near to the apartment as practicable.[9]See Annotated Code of Maryland, Courts Judicial Proceedings Article, § 6-303. In other cases in which good faith efforts to post the apartment have failed, the District Court may order personal service by "any other means of service that it deems appropriate in the circumstances. . . ." Maryland Rule 3-121(c).
 III Conclusion
In our opinion, the statutes governing service of process in summary ejectment actions require that the process server affix an attested copy of the summons conspicuously upon the property to be repossessed — that is, the individual apartment. As with other forms of process, this requirement may be modified in extraordinary circumstances. For example, if the tenant-defendant makes it impossible for the deputy to access the apartment "without force or personal risk," the summons may be posted conspicuously in a common area near to the apartment. In other instances in which reasonable, good faith efforts to post the apartment fail, the court may order an alternative means of service.
J. Joseph Curran, Jr.Attorney General
Judith A. ArmoldAssistant Attorney General
Robert N. McDonaldChief Counsel Opinions Advice
[1] Although the 1937 statute excluded Allegany County, a later revision covered the entire State. Chapter 622, Laws of Maryland 1965.
A similar statewide action was also apparently recognized as part of the law Maryland inherited from England. In Campbell v. Shipley, 41 Md. 81
(1874), the Court of Appeals characterized the ejectment action established in Chapter 346, Laws of Maryland 1872, later codified as
Annotated Code of Maryland (1957), Article 75, § 27, as a substantial reenactment of the Statute of 4 George II, ch. 28. See also Sachs, 4Poe's Pleading Practice (6th ed. 1975) § 482. This earlier version of the ejectment action was included in the 1974 Real Property Article as § 8-402(c), with a revisor's note that it should be amended to apply only to ground rents, a suggestion adopted in 1981. See Chapter 12, Laws of Maryland 1974, Revisor's Note No. 14 at p. 356; Chapter 111, Laws of Maryland 1981.
[2] The complaint can also seek a judgment for the amount of rent due, costs, and late fees. However, the court may not award a money judgment if service of process is accomplished only by first class mail and posting of the premises. RP § 8-401(b)(4)(ii).
[3] Until the statewide statute was amended in 1974, the trial was to be held on the second day after the filing of the complaint in jurisdictions other than Baltimore City. See Chapter 656, Laws of Maryland 1974.
[4] For many years, the statewide summary ejectment statute made no distinction between the service required to obtain repossession of the premises and that required to obtain a money judgment for past due rent. For either form of relief, the process server was to serve the summons on the tenant or the tenant's agent personally, or if the tenant or his agent could not be found, to affix an attested copy of the summons conspicuously "upon said premises." E.g., Annotated Code of Maryland (1935), Article 53, § 24C, as amended by Chapter 529, Laws of Maryland 1937. In 1971, the statute was significantly amended to require the process server to notify the tenant by first-class mail before affixing a copy of the summons "upon the premises." Chapter 745, Laws of Maryland 1971.
In 1976, a number of District Court judges apparently expressed doubt about whether the post-1971 "mailing and nailing" form of service would constitutionally support the entry of a default money judgment for past due rent. In an opinion issued in response to an inquiry from the Chief Judge of the District Court, Attorney General Burch concluded that the statute was constitutional, but construed it to require an initial attempt at personal service on the tenant-defendant. 61 Opinions of the Attorney General 528 (1976). Thereafter, the General Assembly amended the statute to require personal service to support a default judgment for rent due and unpaid, but retained the "mailing and nailing" form of service and specified that this lesser form of service would conclusively be presumed sufficient to support a default judgment for possession. Chapter 450, Laws of Maryland 1978.
[5] The Real Property Article provides a very general (and unhelpful) definition of "property" in § 1-101(k): "`Property' means real property or any interest therein or appurtenant thereto."
[6] During the 2000 Session of the General Assembly, a bill was introduced that would have expressly addressed service of summary ejectment process in a multi-unit building and would have authorized the sheriff to affix a copy of the summons either on the property to be repossessed or on the common area entrance. See House Bill 1358 (2000). That bill failed when it received an unfavorable report from the House Judiciary Committee.
[7] Because we conclude that the statute requires posting of the individual apartment, there is no need to address the question whether notice by first class mail and posting of a common area would satisfy constitutional due process requirements. Cf. Greene v. Lindsey,456 U.S. 444 (1982) (Kentucky statute permitting service in a summary ejectment proceeding by posting alone held constitutionally deficient, notwithstanding that posting was on individual apartment doors within a multi-unit public housing project, because statute did not require any form of mail notice to tenant-defendants); Velazquez v. Thompson,451 F.2d 202 (2d Cir. 1971) (New York summary ejectment scheme held to be clearly constitutional where it permitted service on a tenant-defendant by the posting of a copy of the summons and complaint on a conspicuous part of the property to be recovered, accompanied by certified or registered mail).
[8] We recognize that there is case law under statutes in other states, governing service of process generally, in which courts have approved of process servers leaving process within a multi-unit building at a location short of the defendant's individual apartment. E.g., F.I.duPont, Glore Forgan Co. v. Chen, 41 N.Y.2d 794, 795, 364 N.E.2d 1115
(N.Y.Ct.App. 1977) (defendant properly served where process server left papers with doorman in defendant's apartment house lobby, after doorman barred process server from access to defendant's individual apartment; "the actual dwelling place must be deemed to extend to the location at which the process server's progress is arrested"); Johnson v. Motyl,202 A.D.2d 477, 478, 609 N.Y.S.2d 34 (1994) (remand for determination of whether process server's delivery of papers to neighbor residing in downstairs apartment of multi-unit building, together with mailing to defendant, would satisfy statute requiring personal service at defendant's residence; "there is flexibility in the requirement that delivery of the summons and complaint be made at the defendant's actual dwelling place"); Albert Wagner Son, Inc. v. Schreiber, 210 A.D.2d 143.621 N.Y.S.2d 15 (1994) (defendant served by affixing copy of summons and complaint to interior door of apartment building foyer, where process server's progress had been arrested on three earlier unsuccessful attempts to reach defendant's "actual dwelling place"); Costine v. St.Vincent's Hospital Medical Center, 173 A.D.2d 422, 570 N.Y.S.2d 50
(1991) (defendant properly served where process server handed papers to guard at security booth outside defendant's private residential community and guard agreed to forward papers to defendant; "the outer bounds of defendant's actual dwelling place were deemed to extend to the security booth").
None of those cases involved a summary ejectment or eviction action or, as far as we can determine, a proceeding on an expedited schedule. Nor did any of those cases involve a situation in which the plaintiff was able to control access to the apartment, as in a typical landlord-tenant proceeding involving a multi-unit building. Those cases largely concerned the determination whether a doorman or the neighbor of an apartment dweller qualified as a person of "suitable age and discretion" at the defendant's residence to accept personal service of process. Only Schreiber approved of posting in a common area — a holding based on a substitute service provision of the New York statute that required that the process server first exercise "due diligence" to make personal service. See NY CPLR 308(4). The Maryland summary ejectment statutes do not require due diligence to make personal service as a prerequisite to service by first class mail and posting.
[9] The fact that the building is located in a high-crime neighborhood, or that the building itself lacks security, would not constitute a basis for substitute service under this statute, as those conditions are not attributable to the tenant-defendant.
 *Page 52