(Decided 16th May, 1872.)

---

## JOHN A. GABELEIN *vs.* FREDERICK PLAENKER.

### *Practice in the Court of Appeals — Act of 1825, Chap.* 117.

In an action on a promissory note, the defendant appeared and pleaded; issues were joined, and on a trial before a jury a verdict was rendered for the plaintiff, and judgment entered accordingly. On the day following the entry of the judgment, a *fieri facias* was issued, and thereupon the defendant moved for a new trial; the motion was overruled. The defendant then moved to strike out the judgment and quash the *fieri facias*, without assigning any reasons in support of the motion. The Court overruled the motion. At the following Term of Court the defendant applied for a writ of error, stating that there was error in the judgment, because: First—The alleged cause of action filed with

Gabelein *vs.* Plaenker.

the plaintiff's declaration and affidavit is not a writing or account by which the defendant is indebted, and the plaintiff was not entitled to recover in the action upon any cause of action other·than the one alleged. Second—The alleged cause of action filed with the plaintiff's declaration and affidavit does not support any count in said declaration. The writ was allowed. HELD:

That under the Act of 1825, ch. 117, and the fourth Rule of the Court of Appeals, the alleged errors assigned in the application for a writ of error were not open for examination in the Appellate Court, it not plainly appearing by the record that they were tried and decided by the Court below.

WRIT OF ERROR from the Superior Court of Baltimore City.

This suit was instituted under the Act of 1864, ch. 6. The declaration contained the common counts and the following special count:

"And for that C. W. Frickey, on the second day of February, 1871, by his promissory note, now overdue, promised to pay to the plaintiff or order $400, three months after date, and the defendant endorsed the same as surety, and the said note was duly presented for payment and was dishonored; whereof the defendant had due notice, but did not pay the same." The affidavit filed with the declaration alleged the cause of action to be "the annexed protested promissory note." The note was endorsed:

> JOHN A. GABELEIN,
> FREDERICK PLAENKER,
> F. & H. WEHR.

The notary's certificate was attached, showing that the note was protested at the request of the Deutsche Spar Bank of Baltimore, the holder; that C. W. Frickey was the maker, and John A. Gabelein an endorser, and was notified as such of the non-payment of the note.

The defendant, the appellant, appeared and pleaded, "never was·indebted" and "never promised as alleged," the pleas being

verified by affidavit. Issues were joined and a trial was had; a verdict was rendered for the plaintiff for $417.31, and judgment was entered accordingly. On the day following the entry of the judgment, a *fieri facias* was issued. On the same day the defendant moved the Court to grant a new trial; the motion was overruled. The defendant thereupon moved the Court to strike out the judgment and quash the *fieri facias,* without assigning any reasons in support of the motion; this motion was also overruled. At the following Term of Court, the defendant applied for a writ of error, stating that there was error in the judgment, because:

1st. The alleged cause of action filed with the plaintiff's declaration and affidavit, is not a writing or account by which the defendant is indebted, and the plaintiff was not entitled to recover in this action upon any cause of action other than the alleged cause of action.

2d. The alleged cause of action filed with the plaintiff's declaration and affidavit, does not support any count in said declaration.

The writ was allowed.

The cause was submitted on briefs to BARTOL, C. J., STEWART, GRASON, MILLER and ALVEY, J.

*John S. Tyson* and *Lewis H. Robinson, Jr.,* for the plaintiff in error.

*George T. Beall, Jr.,* for the defendant in error.

STEWART, J., delivered the opinion of the Court.

From an examination of the record, it appears the Superior Court of Baltimore city had jurisdiction of the subject-matter of the suit, and the parties litigant appeared; issues were made, a trial had before a jury, verdict rendered, motion for a new trial overruled by the Court, judgment rendered on the verdict, and execution issued.

MARYLAND REPORTS.

Gabelein *vs.* Plaenker.

The defendant moved to strike out the judgment and quash the *fieri facias*; no reasons appear to have been assigned to sustain the motion.

The brief of the appellant filed in this Court relies upon certain grounds of objection to the proceedings in the Superior Court, but which do not appear to have been made during the trial, before the verdict, nor on the motion to strike out the judgment and quash the *fieri facias*, but are disclosed for the. first time in the application for the writ of error.

The record no where shows that the Superior Court pronounced any judgment upon these questions.

Under the authority of the 18th section of the 4th Article of the Constitution, this Court has provided rules, to have the force of law, until changed by the Court or the Legislature. They may be found in 29 *Md.*, 1–8.

By the first rule, specially applicable to writs of error, and simplifying the form of proceeding, it is required in such cases, that in the petition for the removal of the record, the points or questions of law, in the decision of which, by the Court below, error is alleged, shall be plainly designated, and no point or question not so presented shall be heard or determined by the Court of Appeals.

In the application for the writ of error in this case, the alleged errors have been specifically assigned as required by this rule; but upon an inspection of the record, it does not appear that the points or questions alleged in the application were made or decided at the trial below.

Under the Act of 1825, chap. 117, they are not open for examination in this Court. This Act is embodied in the fourth rule, which declares that "in no case shall the Court of Appeals decide any point or question which does not plainly appear by the record to have been tried and decided by the Court below." Whilst this is a tribunal to review the proceedings of inferior Courts, the law, as well as these rules having the force of law, confines its adjudication to questions

determined by such Courts. See *Bridendolph vs. Zeller's Ex'rs.*, 5 *Md.*, 58.

No question or point having been made, according to the record in the Court below, in conformity with the mandate of the law, we have no authority to disturb the judgment complained of; on the contrary, every legal intendment is to be made in its favor. The writ of error must therefore be quashed.

*Writ of Error quashed.*

(Decided 16th May, 1872.)