■ 67 WALL STREET COMPANY, Appellant, v. FRANKLIN NATIONAL BANK, Respondent.— Judgment, Supreme Court, New York County, entered October 30, 1973, dismissing the amended complaint, affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. Although the trial court concluded that article 41 of the lease was unambiguous, it nevertheless heard and considered the evidence bearing on the intent and purpose of that clause, and found that there was insufficient to ascribe to the clause the meaning urged by plaintiff. The court's findings were not against the weight of the evidence, and since they rested in large part upon considerations relating to the credibility of the witnesses, those findings should be accorded the greatest weight. (*Amend* v. *Hurley*, 293 N. Y. 587, 594.) In any event, as noted in the concurring opinion of Lynch, J., even if plaintiff's contention with respect to the meaning of article 41 is accepted, it nevertheless failed to cure the default within the 60-day period. Further, we agree with the trial court's finding that the notice of cancellation was sufficient and therefore, there is no basis to infer any waiver of the 60-day period in which plaintiff was to act — assuming it did have the right to cure the default. Concur — Nunez, J. P., Murphy and Tilzer, JJ.; Lynch, J., concurs in a memorandum and Kupferman, J., dissents in a memorandum, as follows: Lynch, J. (concurring). I would affirm solely on the ground that, even if we adopt the plaintiff's contention that it had until October 30, 1970, to deliver possession of the premises to the defendant, the undisputed facts show that it was unable to tender a right to possession on that day, or the day before, even though the building was then vacant and broom clean. The premises were leased to INCO who wrote a letter, dated October 31, 1970, to the plaintiff which stated, "Effective at midnight, October 29th, 1970, we shall vacate and surrender possession * * * whereupon all liability of either party * * * shall cease * * * If you are in agreement with the foregoing, kindly indicate your acceptance thereof by signing and returning to us the enclosed copy of this letter." The plaintiff signed the acceptance on November 6, 1970. Thus on neither October 29 nor 30 was the plaintiff able to deliver a right of possession to the defendant unencumbered by the lease to INCO (*Smith* v. *Barber*, 96 App. Div. 236). Kupferman, J. (dissenting). I would reverse and reinstate the amended complaint and remand, with a direction that judgment be entered for the plaintiff landlord and, upon the amended complaint, declare the lease in full

force and effect, and direct a hearing for assessment of the plaintiff's damages. It was evident to all concerned that if the demised premises were not vacated and made available to the tenant bank by August 31, 1970, there should be a vehicle for requiring immediate action. I fail to see any explanation for providing in article 41 of the lease for a 60-day notice of cancellation · other than to allow the landlord a last clear chance to clear the premises and turn over possession or for the tenant bank to have a last· opportunity to speed things up with the proposed new landlord of the outgoing tenant INCO. However, less certain is the question of whether the premises were available within 60 days. The formal instrument dated October 31, 1970 indicates that the premises were vacated by INCO " effective at midnight, October 29th, 1970 ". This agreement was countersigned by the landlord plaintiff on November 6, 1970. The Trial Justice made no finding on the question in view of his contrary determination as to the meaning of article 41. However, the tenant bank not having given the 60 days notice, but having " elect[ed] to cancel said lease effective immediately ", the punctilio was obviously not of moment.