■ In the Matter of BELINDA S., an Infant. LUTHERAN COMMUNITY SERVICES OF METROPOLITAN NEW YORK, INC., Respondent; CHRISTINA DANIEL S., Appellant.—Order, Family Court, New York County (Ruth Zuckerman, J.), entered August 9, 1990, which adjudicated respondent to be mentally ill and permanently terminated her parental rights pursuant to Social Services Law § 384-b, unanimously affirmed, without costs.

Petitioner's proof that respondent suffers from degenerative schizophrenia, combined with the conclusion of the court-appointed psychiatrist that respondent cannot presently and will not in the foreseeable future be able to provide adequate care for her child, constituted sufficient evidence to warrant the termination of respondent's parental rights (Social Services Law § 384-b [4] [c]). To the extent that respondent offered expert testimony to the contrary, the issue was one for the trier of fact, who saw and heard the two witnesses, to resolve (Matter of Michael D., 109 AD2d 633, affd 66 NY2d 843). Concur—Milonas, J. P., Wallach, Kassal and Rubin, JJ.

■ CHRISTINE BUSINI, Appellant, v VANNI MANDELLI, Respondent.—Order, Supreme Court, New York County (Louis I. Kaplan, J.H.O.), entered January 16, 1991, which, after a traverse hearing, granted defendant's motion to dismiss the complaint for improper service, unanimously affirmed, without costs.

The Judicial Hearing Officer's determination that service was not properly made pursuant to CPLR 308 (2) should not be disturbed where a reasonable view of the evidence supports defendant's contention that the apartment building at which the summons and complaint were left was no longer, at the time of such service, his dwelling place or usual place of abode (see, 67 Wall St. Co. v Franklin Natl. Bank, 44 AD2d 825, affd 37 NY2d 245). Concur—Milonas, J. P., Wallach, Kassal and Rubin, JJ.