■ DONNA M. JOHNSON, Respondent, v ROSEMARY MOTYL, Also Known as ROSEMARY MARCELLA, Appellant. [609 NYS2d 34] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered January 23, 1992, which, after an inquest, denied her motion to vacate a default judgment entered against her.

Ordered that the order is reversed, on the law and as a matter of discretion, the defendant's motion is granted to the extent of ordering a hearing to determine whether service was proper, and the matter is remitted for further proceedings consistent herewith, with costs to abide the event.

The present lawsuit arises from an automobile accident that occurred on or about January 3, 1989. On March 8, 1991, a process server allegedly went to the defendant's last known address, a multiple dwelling located at 530 Locust Street, Mount Vernon, New York, and delivered a copy of the summons and a verified complaint to a neighbor residing in a downstairs apartment. A copy of the summons and complaint was then mailed to the same Mount Vernon address and filed with the clerk of the court *(see,* CPLR 308 [2]). The court subsequently found the defendant to be in default and entered a judgment in favor of the plaintiff, after an assessment of damages, in the principal sum of $85,000.

The defendant moved to vacate her default contending that she had been unaware that the suit had been commenced against her until after the judgment had been entered and she had been served with a subpoena to be examined as a judgment debtor. The defendant averred in her supporting affidavit that she had been served with the subpoena at her then-current address in Connecticut. She further averred that she had not received the summons and complaint that had been delivered to her former neighbor at the Mount Vernon address because she had moved to Connecticut prior to March 8, 1991.

The Supreme Court denied the motion finding that the defendant had failed to establish that her default was excusable. Further, the court concluded that the defendant's affidavit was insufficient to justify a hearing to determine whether service was proper. We disagree.

Although the defendant's downstairs neighbor seemingly meets the definition of a "person of suitable age and discretion" (CPLR 308 [2]), the statute requires that delivery be made at the actual dwelling place or usual place of abode of the person to be served (CPLR 308 [2]). In the case of a multifamily residence, process papers ordinarily must be delivered to a person residing at the defendant's own apartment, and not to a neighbor occupying a different apartment, even when the person receiving the papers promises to redeliver them (see, Biological Concepts v Rudel, 159 AD2d 32; see also, Macchia v Russo, 67 NY2d 592). However, there is flexibility in the requirement that delivery of the summons and complaint be made at the defendant's actual dwelling place or usual place of abode, and we conclude that the determination of whether service was proper in this case cannot be made without the benefit of an evidentiary hearing (see, duPont Glore, Forgan & Co. v Chen, 41 NY2d 794; Roldan v Thorpe, 117 AD2d 790; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C308:2, at 304-305). Additionally, the defendant's sworn allegation that she moved prior to service at the Mount Vernon address is sufficient to raise a triable issue of fact regarding whether service was proper (see, Busini v Mandelli, 181 AD2d 535).

If, after the hearing, the court determines that service was proper, it should reconsider the excuse proffered by the defendant in support of her request for vacatur pursuant to CPLR 5015 (1) (see, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5015:9, at 475-476). The record indicates that the court focused on the conduct of the defendant's insurer in rejecting the proffered excuse without assessing the reasonableness of the defendant's own conduct.

Finally, we find that the defendant has established a meritorious defense. Thus, if personal jurisdiction over the defendant was obtained by proper service, the court should consider imposing a sanction as a condition to vacating the default in lieu of precluding the defendant from defending the action on the merits. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.