■ CARRIAGE DEVELOPMENT, INC., et al., Appellants, v U.S. UNDERWRITERS INSURANCE COMPANY, Respondent. [772 NYS2d 332].—

Judgment, Supreme Court, New York County (Walter Tolub, J.), entered May 30, 2003, which, after a nonjury trial, declared that defendant was not required to indemnify plaintiffs in connection with an underlying negligence lawsuit, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered April 4, 2003, which denied plaintiffs' motion to set aside the verdict or order a new trial, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiffs contended they had a landlord-tenant relationship with the employer of the individual who sued them in an underlying negligence action, and thus the exclusion in the

policy for bodily injury arising out of operations performed by an independent contractor did not apply. Notwithstanding that officers of both the landlord and the "tenant" testified to the same version of the facts, the insurer met its burden of demonstrating that the exclusion applied (*see Throgs Neck Bagels v GA Ins. Co.,* 241 AD2d 66, 71 [1998]). Plaintiffs offered a letter from their insured, stating that the "tenant" was a contractor, as well as a bill of particulars in which the landlord denied that there was a tenant. The fact that testimony offered by plaintiffs contradicted the documentary evidence meant only that there was an issue of credibility, which is best resolved by the trier of fact (*67 Wall St. Co. v Franklin Natl. Bank,* 44 AD2d 825 [1974], *affd* 37 NY2d 245 [1975]).

In view of the divergence of interests between plaintiffs and their insurer, the deposition transcript of the injured employee in the underlying negligence action should not have been received into evidence, at least without a clear communication from the insurer to its insured that the latter might want to retain its own attorney to protect itself from a potential conflict of interest where the insurer might claim, as here, that exclusions applied. Nevertheless, other evidence sufficiently established that the "tenant" was actually a contractor at the time its employee was injured.

The court properly denied a new trial where, for the most part, the documents submitted were generated after the incident in order to manufacture a relationship between the parties that did not previously exist. Furthermore, no valid reason was offered for the failure to produce at trial the 1995 letter expanding coverage. In any event, the letter does not undermine the conclusion that the injury occurred to an employee during an excluded operation. Concur—Andrias, J.P., Ellerin, Williams and Gonzalez, JJ.