■ ACC CONSTRUCTION CORPORATION, Appellants-Respondents, v TOWER INSURANCE COMPANY OF NEW YORK, Respondent-Appellant, et al., Defendant. TOWER INSURANCE COMPANY OF NEW YORK, Third-Party Plaintiff-Respondent-Appellant, v NILLY TAMMY PERNER KASZA, Individually and as Administratrix of the Goods, Credits and Chattels of EDWARD KASZA, Deceased, Third-Party Defendant-Respondent. [921 NYS2d 218]—

Order and judgment (one paper), Supreme Court, New York County (Edward H. Lehner, J.), entered August 25, 2009, which denied plaintiffs' motion for summary judgment, granted defendant Tower Insurance Company's cross motion for summary judgment declaring that it has no duty to indemnify plaintiffs in connection with the underlying wrongful death action, and so declared, and granted third-party defendant's motion to dismiss the third-party complaint, unanimously affirmed, without costs.

It is undisputed that the commercial general liability insurance policy issued by Tower provided additional insured coverage to plaintiff ACC Construction Corp., as limited by the terms of the policy. The policy contains an independent contractors exclusion, which excludes from coverage " 'personal injury' arising out of operations performed for any insured by independent contractors." As the record demonstrates that the decedent was an employee of an independent contractor of ACC Construction and that his death arose out of his employer's operations, the exclusion applies as a matter of law (*see Carriage Dev. v U.S. Underwriters Ins. Co.*, 4 AD3d 305 [2004]).

In the third-party action, Tower seeks, inter alia, a defense and indemnity for costs incurred in connection with its defense of this declaratory judgment action from the decedent's wife, based on an indemnification provision contained in its settlement agreement with her in the underlying action. To interpret the provision in the manner urged by Tower would "produce a result that is absurd" and "contrary to the reasonable expecta-

tions of the parties," and we decline to do so (see *Matter of Lipper Holdings v Trident Holdings*, 1 AD3d 170, 171 [2003]). Concur—Andrias, J.P., Friedman, Catterson, Moskowitz and Román, JJ.