U.S. Bank N.A. v Olatunji (2020 NY Slip Op 07327)





U.S. Bank N.A. v Olatunji


2020 NY Slip Op 07327


Decided on December 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 08, 2020

Before: Gische, J.P., Webber, Oing, Mendez, JJ.


Index No. 35425/15E Appeal No. 12515N&M-03679 Case No. 2020-00972 

[*1]U.S. Bank National Association, etc., Plaintiff-Respondent,
v
Abuovbo Olatunji, Defendant-Appellant, Khaykin Dora et al. Defendants.


Joseph A. Altman, P.C., Bronx (Joseph A. Altman of counsel), for appellant.
David A. Gallo & Associates, Manhasset (Robert M. Link of counsel), for respondent.



Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered on or about September 24, 2019, which granted plaintiff's motion to confirm the report of a Special Referee, after a traverse hearing, concluding that service was properly made on defendant Olatunji, and denied defendant's cross motion to reject the report and dismiss the complaint for lack of personal jurisdiction, unanimously affirmed, with costs.
The Special Referee's conclusion that plaintiff met its burden of proving proper service [*2]pursuant to CPLR 308(2) was supported by the record (see CitiMortgage Inc. v Scott, 157 AD3d 507 [1st Dept 2018]). The Referee found the process server's testimony, supported by her logbook and GPS photographs of the house, to be credible, and in contrast, defendant's testimony contained unexplained discrepancies with her prior sworn statement concerning her place of residence.
Due to the physical features of the house, which was a legal one-family premises with no indicia from the front that a separate basement apartment existed, the process server could not reasonably have ascertained that such a separate unit existed and was accessible from a side street or that defendant resided there. Accordingly, substitute service made upon the person who answered the front door of the home satisfied the requirements of CPLR 308(2) and personal jurisdiction was obtained over defendant (see State of N.Y. Higher Educ. Servs. Corp. v Sparozic, 35 AD3d 1069, 1071 [3d Dept 2006], lv dismissed 8 NY3d 958 [2007]; see also Johnson v Motyl, 202 AD2d 477 [2d Dept 1994]; Roldan v Thorpe, 117 AD2d 790 [2d Dept 1986], lv dismissed 68 NY2d 663 [1986]).
We have considered defendant's remaining arguments and find them unavailing.
M-03679 - U.S. Bank National Association v Olatunji Motion to enlarge record to include reply brief granted, and the brief deemed filed.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2020