Partners for Payment Relief De III, LLC v Crooks (2025 NY Slip Op 06140)

Partners for Payment Relief De III, LLC v Crooks

2025 NY Slip Op 06140

Decided on November 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 06, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Pitt-Burke, Rosado, Chan, JJ. 

Index No. 380040/13|Appeal No. 5132|Case No. 2024-01511|

[*1]Partners for Payment Relief De III, LLC, Plaintiff-Appellant,
v
Christopher Crooks, Defendant-Respondent, Bronx Commissioner of Jurors, et al., Defendants.

Margolin, Weinreb & Nierer LLP, Syosset (Seth D. Weinberg of counsel), for appellant.
Biolsi Law Group P.C., New York (Steven Alexander Biolsi of counsel), for respondent.

Order, Supreme Court, Bronx County (Doris Gonzalez, J.), entered on or about November 20, 2023, which granted defendant Christopher Crooks's motion pursuant to CPLR 5015(a)(4), vacated the judgment of foreclosure and sale and referee's deed transferring the property to plaintiff upon a finding that plaintiff failed to establish that service was effectuated upon Crooks, dismissed the complaint, and stayed Housing Court proceedings in New York City Civil Court, unanimously reversed, on the law, without costs, to the extent of remanding the matter for a traverse hearing to determine whether plaintiff effectuated proper service upon defendant.
In determining whether service has been properly effectuated on a party who resides in a multifamily residence, there is "flexibility in the requirement that delivery of the summons and complaint be made at the defendant's actual dwelling place or usual place of abode" (Johnson v Motyl, 202 AD2d 477, 478 [2d Dept 1994] [emphasis added]; see Roldan v Thorpe, 117 AD2d 790, 792-93 [2d Dept 1986], lv dismissed 68 NY2d 663 [1986]). Nevertheless, there is a factual discrepancy over which floor of the three-story building in which defendant resided the process server was on when he handed the summons and complaint to a person of suitable age and discretion. The record also raises questions over which floor defendant himself was living on at the time of service. Since the affidavit of service was silent on whether service was made upon the first or second floor of the building, a traverse hearing on the issue of whether proper service was effectuated upon defendant under CPLR 308(2) is necessary (see Johnson, 202 AD2d at 477). Only after such a hearing can defendant's motion to vacate the judgment of foreclosure and sale and dismiss the action based on the court's lack of personal jurisdiction over him be properly resolved (see GS Capital Partners, LLC v Ameritek Ventures, 215 AD3d 473, 474 [1st Dept 2023]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 6, 2025